IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL DYLAN HALEY,

               Petitioner,                  No. CIV S-05-0702 MCE CMK P

   vs.

A.K. SHIPLEY, Warden, et al.,

               Respondents.              <u>ORDER</u>

_____/

         Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a request for appointment of counsel.

         Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

         Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be served with the petition, but shall not file a response at the present time.

         In light of the length of petitioner's sentence, the court has determined that the interests of justice require appointment of counsel. <u>See</u> 18 U.S.C. § 3006A(a)(2)(B); <u>see</u> <u>also</u>

1

1    Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.  Petitioner's request to proceed in forma pauperis is granted;

4           2.  The Federal Defender is appointed to represent petitioner;

5           3.  Counsel is directed to contact the Clerk's Office to make arrangements for

6    copies of the file;

7           4.  Within thirty days of this order, the parties shall file a joint scheduling

8    statement which addresses the timing and order of the following matters:

9                  a.  The number of days petitioner's counsel estimates it will take to file

10   either:

11                        1.  A statement indicating petitioner will stand on the existing

12   petition, and supplemental memorandum of points and authorities, if any;

13                        2.  An amended petition which will proceed on exhausted claims

14   only; or

15                        3.  A statement which identifies both exhausted and unexhausted

16   claims, **demonstrates good cause for having failed to exhaust state court remedies as to any**

17   **claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend

18   that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.[2]

19                  b.  Discovery and investigations;

20                  c.  Anticipated motions;

21                  d.  The need for and timing of an evidentiary hearing;

22   _____

23           [1]  Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).

24           [2]  If not all claims in the original petition are exhausted, an amended "exhausted claims
     only" petition must be filed along with the statement indicating petitioner's intent to pursue
25   unexhausted claims and **good cause for petitioner's having failed to exhaust before filing in**
     **federal court**.  Of course, if no claims in the original petition have been exhausted, the case must
26   be dismissed as opposed to stayed.

1           e.  Enumeration and resolution of unexhausted claims; and

2           f.  Possible future amendments to the pleadings.

3  Counsel are reminded of the importance of timely filing a joint scheduling statement.  Failure to

4  do so may result in sanctions.

5           5.  The Clerk of the Court shall serve a copy of this order together with a copy of

6  petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jo Graves,

7  Senior Assistant Attorney General.

8  DATED:   April 22, 2005

9

10                                  **/s/   CRAIG M. KELLISON**

11                                  Craig M. Kellison

12                                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26